# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>RAMZI M ALAYA<br><br>    Debtor | Chapter 7<br>Case No. 10-46087-MSH |
| UNITED STATES TRUSTEE<br><br>    Plaintiff<br><br>v.<br><br>RAMZI M ALAYA<br><br>    Defendant | Adversary Proceeding<br>No. 12-04027 |

### FURTHER ORDER REGARDING ORDER TO SHOW CAUSE

      On December 11, 2012 the court issued an order to show cause requiring the defendant and his counsel, James Ehrhard, to appear at a hearing to show cause why a default should not enter against the defendant for failure to answer the United States Trustee's complaint. Mr. Ehrhard filed a response in which he stated that his retention agreement with the debtor defendant provided that he would not represent the debtor in any adversary proceeding unless specifically hired to do so and that the debtor had chosen to represent himself in this adversary proceeding.

      MLBR 9010-3(d) provides that an attorney representing a debtor in a bankruptcy case is required to represent the debtor in any adversary proceeding filed within the bankruptcy case unless the debtor expressly agrees otherwise in writing at the commencement of the representation. I do not interpret this rule to allow counsel to enter into an engagement agreement with a debtor that arbitrarily and unconditionally excludes from counsel's engagement ab initio *any* aspect of a bankruptcy case, whether it be representing the debtor in a contested matter or an adversary proceeding.   Bringing a debtor into bankruptcy and then letting her fend for herself in an adversary proceeding, often the most complicated and critical aspect of the bankruptcy process, is an abdication of an attorney's duty to represent a client zealously under Rule of Professional Conduct 1.3.

      On the other hand, counsel is not expected to render services without being fairly

1

compensated and it is this concern that in my opinion is addressed by the phrase in the Local Rule "unless the debtor expressly agrees otherwise in writing." While an engagement agreement may not contain an absolute exoneration of an attorney's obligation to represent the client in any aspect of the bankruptcy matter, it may provide that such representation is conditioned upon satisfactory payment for services and that the failure of the client to render payment will entitle counsel to seek to withdraw from the matter pursuant to Rule of Professional Conduct 1.16(b)(5) and MLBR 2091-1. It may also provide that if upon the initiation of an adversary proceeding counsel feels ill-equipped to represent the debtor then counsel will refer the matter to an attorney who is capable of handling it.

Judge Hillman presented a thoughtful and cogent analysis of MLBR 9010-3(d) and the relevant Rules of Professional Conduct in *In re Cuddy*, 322 B.R. 12 (Bankr. D. Mass. 2005). I concur with his analysis. *Cuddy* is often cited for the proposition that once an attorney files a bankruptcy case he or she is in for the duration. I do not read *Cuddy* quite so expansively. In any event, I am prepared to consider an attorney's request to withdraw from a matter on a case-by-case basis.

In light of the foregoing, at the show cause hearing which will take place on 01/03/2013 at 10:15 am, the debtor and counsel shall report on the status of their efforts to afford the debtor competent legal representation in this adversary proceeding consistent with the Local Rules of this court and the Rules of Professional Conduct of the Supreme Judicial Court.

Dated: December 13, 2012                                            By the Court,

                                                                    Melvin S. Hoffman
                                                                    U.S. Bankruptcy Judge